Filed 12/10/21  P. v. Nino CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## THIRD APPELLATE DISTRICT

(San Joaquin)

----

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>MARCUS ANTONIO NINO, JR.,<br><br>Defendant and Appellant. | C093736<br><br>(Super. Ct. No. STKCRFE20180002723) |

Appointed counsel for defendant Marcus Antonio Nino, Jr., asked this court to review the record to determine whether there are any arguable issues on appeal. (*People v. Wende* (1979) 25 Cal.3d 436.)  Finding no arguable error that would result in a disposition more favorable to defendant, we affirm the trial court's order.

## I.  BACKGROUND

We upheld defendant's underlying conviction in his previous appeal in an unpublished opinion, *People v. Nino* (April 1, 2020, C088303) [nonpub. opn.].  In that opinion, we noted:  "A jury found defendant . . . guilty of residential burglary of an

1

occupied building (Pen. Code, §§ 459, 667.5, subd. (c)(21))[1] and witness intimidation (§ 136.1, subd. (a)(2)).  In a bifurcated proceeding, the trial court found true allegations that defendant had prior strike and prior serious felony convictions.  (§§ 667, subds. (a), (d); 1170.12, subd. (b).)  The trial court sentenced defendant to an aggregate term of 13 years in state prison." (*Nino, supra*, C088303.)  We did, however, grant defendant's request for remand so that the trial court could consider exercising its discretion in light of the passage of Senate Bill No. 1393 (2017-2018 Reg. Sess.) (Stats. 2018, ch. 1013, §§ 1-2).  (*Nino, supra*, C088303.)

Thereafter, defendant asked the trial court to exercise its discretion to strike his prior serious felony enhancement in light of Senate Bill No. 1393 or otherwise reduce his sentence in the court's discretion.  Defendant testified in support of his request at the hearing on that motion.  Following that testimony and argument of counsel, the court denied defendant's request to strike the felony enhancement or otherwise modify his original sentence.

Defendant timely appealed.

## II.  DISCUSSION

We appointed counsel to represent defendant on appeal.  Counsel filed an opening brief that sets forth the relevant procedural history of the case and requests this court to review the record and determine whether there are any arguable issues on appeal. (*Wende*, *supra*, 25 Cal.3d 436.)  Defendant was advised by counsel of the right to file a supplemental brief within 30 days from the date the opening brief was filed, but to date has not done so.

---

[1]  Undesignated statutory references are to the Penal Code.

Having undertaken an examination of the entire record pursuant to *Wende, supra,* 25 Cal.3d 436, we find no arguable error that would result in a disposition more favorable to defendant. Consequently, we affirm the order.

### III. DISPOSITION

The order is affirmed.

/S/

RENNER, J.

We concur:

/S/

ROBIE, Acting P. J.

/S/

MAURO, J.

3